IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| SAUNDRA EDWARDS | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CA # |
| | ) |
| RELIANCE STANDARD LIFE | ) |
| INSURANCE COMPANY | ) |
| | ) |
| **Defendant.** | ) |

# COMPLAINT FOR
# DISABILITY BENEFITS UNDER ERISA

### JURISDICTION AND VENUE

1. Plaintiff's claims against Defendant are filed pursuant to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et. seq.* (herein "ERISA").

2. Plaintiff seeks an Order that clarifies a plan beneficiary's rights to past and future benefits under the terms of an employee welfare plan. Specifically, the Plaintiff seeks: (a) a declaration and enforcement of rights under the long-term disability insurance policies at issue and/or the employee benefit plan (which is an "employee welfare benefit plan" as defined by ERISA), (b) an instatement of benefits, (c) the payment of all back benefits due with pre-judgment and post-judgment interest, (d) the enforcement of rights under the long-term disability insurance policy and/or the employee benefits plan, and (e) the clarification of rights to future benefits under the long-term disability insurance policy and/or the employee benefits plan pursuant to 29 U.S.C. § 1132(a)(1)(B) and (a)(3), and f) an award of attorney's fees and costs.

3. Venue and jurisdiction are proper pursuant to 29 U.S.C. § 1132(f).

## PARTIES

4. Plaintiff is a former employee of MedStar Health ("Employer"). While employed there, and while covered by the Group Long Term Disability Plan for employees of The Employer, Plaintiff became disabled as that term is defined by The Plan.

5. The MedStar Health Long Term Disability Plan ("The Plan") is an employee welfare benefit plan established under ERISA.

6. The Plan is a fully insured long-term disability policy issued by the Defendant and the Defendant is fully responsible for any benefit determinations under the Plan, as well as for payment of any and all sums due under the policy.

## THE EMPLOYEE WELFARE BENEFIT PLAN

7. At all times relevant Plaintiff was employed by the Employer and was a plan participant in the Plan established by The Employer under ERISA.

8. The Plan Administrator has delegated disability claims administration to the Defendant.

9. The Employer and Defendant are fiduciaries pursuant to 29 U.S.C. § 1133(2) and 29 C.F.R. § 2560.503-1(g) (1999) and/or "deemed fiduciaries" pursuant to 29 U.S.C. § 1002(21)(A) and 29 C.F.R. § 2560.503-1(g)(2) (1999).

10. The Defendant is responsible for conducting claim evaluations and final review rests with Defendant and with no other entity.

11. The Defendant, upon information and belief, has made all decisions regarding Plaintiff's claim for disability benefits in this case.

## HISTORY OF THE CLAIM

12. Plaintiff worked for the Employer until she became disabled.

13. At all times relevant the Plaintiff has met the Plan's definition of disability.

14. The Plan provides for lost income benefits.

15. Plaintiff timely gave notice of disability and applied for disability benefits under the Plan.

16. Defendant approved Plaintiff's claim for disability benefits effective May 8, 2016.

17. On March 18, 2020, the Defendant issued an "Adverse Benefit Determination" on Plaintiff's claim, terminating her benefits.

18. The Plaintiff timely appealed the adverse benefit determination.

19. The Defendant affirmed its denial by way of a final denial letter it sent to Plaintiff on February 12, 2021.

20. The Plaintiff has exhausted pre-litigation remedies and that process ended by way of the letter Defendant sent on February 12, 2021.

21. The Defendant has violated the plain language of the Plan; 29 U.S.C. § 1133 (Claims procedure); and 29 U.S.C. § 1104 (fiduciary duties).

22. The Plaintiff is entitled to long-term disability benefits under the Plan, including past-due benefits; future benefits; pre-judgment interest; post-judgment interest and attorney's fees pursuant to ERISA.

23. The Plaintiff is entitled to these benefits as she satisfies the definition of disability in the policy issued by the Defendant, she has satisfied all conditions precedent to be eligible to receive the benefits and she has not waived or otherwise relinquished her entitlement to the benefits.

## RELIEF SOUGHT

The Plaintiff requests that this Court enter an Order declaring the following:

1. No deference be granted to the decision of the Defendants to deny benefits.

2. That the Plaintiff is entitled to long-term disability benefits under the policy.

3. That the Plaintiff is entitled to payment of past-due long-term disability benefits and reinstatement of monthly benefits under The Plan.

4. That the Plaintiff is entitled to payment of pre- and post-judgment interest.

5. That the Plaintiff is entitled to payment of attorney's fees and costs.

Respectfully submitted,

*Saundra Edwards*
By Counsel

_____/s/_____

Benjamin W. Glass, III | VSB #23152
Benjamin W. Glass, III & Assoc., PC
3998 Fair Ridge Drive, #250
Fairfax, VA 22033
703-591-9829 phone
703-783-0686 fax
Ben@BenGlassLaw.com
*Counsel for Plaintiff*